**THE LAW OFFICE OF**
**ELISA HYMAN, P.C.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2023

March 28, 2023

Hon. Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Courtroom 17D
New York, NY 10007

   Re: *N.A. et al. v. NYC Dep't of Educ., et al.,* No. 1:23-cv-108 (JHR)(KHP)

Dear Judge Parker:

  I represent the Plaintiffs in the above-referenced case. I am writing jointly on behalf of both parties pursuant to Your Honor's Order with respect to the initial conference scheduled for Monday, April 3, 2023. ECF No. 12. The parties are respectfully requesting that the initial case management conference scheduled for April 3, 2023, at 10:15 a.m. be adjourned and, instead, converted to a status conference to discuss the potential emergency issues and Plaintiff's anticipated application for a TRO/preliminary injunction. This is the first request the parties have made to adjourn and/or modify the purpose of the conference.

  The parties have been focused on trying to address the Student's current educational needs, so that we can avoid an injunction. Moreover, our joint goal, as discussed below, is to try to resolve the emergency issues, and then move the rest of the case onto a settlement track. Further, the Defendants have not yet filed an answer and believe a formal discovery schedule is needed at this time. Plaintiffs do not agree; yet, rather than engage in a discovery dispute now, we want to focus on a solution to our client's urgent situation and then hopefully move toward settlement.

  In addition, the parties jointly request an extension of time to submit a proposed case management plan and respectfully propose to submit one, if needed. If the Court does not grant this request, the parties respectfully request an extension of time until Thursday, March 30, 2023, to submit the joint letter and Case Management Plan.

**Plaintiffs' Overview of the Case**

  In the above action Plaintiff, N.A., brings this action against the New York City Department of Education ("DOE"), Chancellor David Banks and the New York City Board of Education ("BOE") (collectively "Defendants" or "DOE") on behalf of his child N.A.2, a student with autism. Plaintiffs' complaint raises claims under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400, et *seq.*, the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the New York State Constitution, and New York State Education Law.

The Complaint's allegations focus on allegations that, *inter alia,* the Defendants failed to timely and adequately implement enforceable administrative hearing orders covering the 2018-2019 and 2019-2020 school years.  *See, e.g.,* Complaint. These orders generally required Defendants to provide various types of special education services, including but not limited to: (a) applied behavior analysis ("ABA") at home and in school; (b) a 1:1 ABA-based school program; (c) home-based parent training in the parent's native language of Bangla; (d) occupational therapy; (e) speech and language therapy ("SLT"); (f) special education transportation; and (g) use of assistive technology.

Plaintiffs claim that while Defendants were obligated to fully implement the services, they failed to do so.

Moreover, Plaintiffs allege that Defendants have failed to (and are continuing to fail to) implement N.A.2's right to stay-put under the IDEA.  Although Plaintiff N.A.2's stay-put rights under the IDEA, 20 U.S.C. § 1415(j)), were invoked as of April 2, 2021, when their initial due process hearing was invoked, but Defendants initially failed (and are continuing to fail) to implement the stay-put with respect to ABA and related services.[1]  We have a pending due process hearing for the student and are working to resolve this emergency issue, and we are trying to avoid another preliminary injunction.

The Complaint also alleges various systemic claims, including the DOE's system-wide failure to ensure availability of ABA and other services for all children. *See* Complaint generally. Notably, as the parties have continued to inform the Court, N.A.2 is, *inter alia*, a class member of children with autism who claim that they are being denied ABA, 1:1 instruction and after-school services based on blanket policies and practices in the class action entitled *M.G. et al. v. N.Y. City Dep't of Educ., et al.*, 13 CV 4639.  That case is in discovery. N.A.2 is also a member of a second class in M.G. who claim that they are being denied individualized services at state-approved private schools. *See* Complaint.

**Defendants' Overview of the Case**

Defendants are investigating the facts of this case and have not filed an Answer yet. At this stage, Defendants do not agree to Plaintiffs' characterizations of the facts.  Defendants specifically deny that they have failed to implement the final orders in the administrative proceedings or the Student's stay-put rights.  Defendants also deny systemic violations of the IDEA with respect to their policies and practices.  However, Defendants do not dispute that Plaintiffs were the prevailing parties in the underlying administrative proceedings and are entitled to recoup reasonable attorney's fees consistent with federal law.

**Conference and the Student's Current Educational Needs**

As noted above, the parties are jointly interested in settlement of this matter.  There is a companion impartial hearing concerning 2020-2021, 2021-2022, and 2022-2023.  Once the emergency issues are resolved, the parties hope to dismiss the claims concerning pendency without

---

[1] The failure to implement the ABA and related services portion of the stay-put was the subject of a TRO and preliminary injunction in a prior federal case and a prior school year, which was settled.

2

prejudice so that case can proceed via the administrative system. However, we both recognize that there are time-sensitive issues that must be addressed first.

                                                         Sincerely,

                                                         */s/ Elisa Hyman*

                                                         Elisa Hyman
                                                         Counsel for the Plaintiffs

Cc: Counsel of record *via* ECF

---

The parties will have the opportunity to discuss the "emergency issues" at the conference scheduled on April 3, 2023. The Court grants the parties' requested extension to file the Proposed Case Management Plan on March 30, 2023.

**SO ORDERED:**

*/s/ Katharine H. Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   3/28/2023