UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

N.A., on behalf of himself individually and on behalf of his minor child, N.A.1,

                                                  Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION; and CHANCELLOR DAVID C. BANKS, IN HIS OFFICIAL CAPACITY,

                                                  Defendants.

-------------------------------------------------------------------- x

**INTERIM STIPULATION**

23-CV-108 (JHR)(KHP)

**WHEREAS,** the Plaintiff, N.A., on behalf of himself individually and on behalf of his minor child N.A.1 (the "Student"), filed a Complaint on or about January 5, 2023 (the "Complaint"), alleging, *inter alia,* that the New York City Department of Education ("DOE"), the New York City Board of Education, and Chancellor David Banks (collectively, the "Defendants") failed to timely and adequately implement enforceable administrative hearing orders covering the 2018-2019 and 2019-2020 school years, as well claims concerning the student's stay-put placement as a result of the filing of a due process complaint in Impartial Hearing Case No. 207652 ("Case No. 207652");

**WHEREAS**, following the filing of the Complaint, Plaintiff advised Defendants that he would seek to file a motion before this Court for a Temporary Restraining Order and preliminary injunction seeking to, *inter alia*, direct the Defendants to implement the Student's pendency;

**WHEREAS**, Defendants do not admit any fault or liability in connection with the allegations set forth in the Complaint or those made in connection with Plaintiff's interim claims;

**WHEREAS**, the parties wish to resolve the emergency issues, so that they can focus on settlement of the remaining claims;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. DOE agrees to waive the following specific arguments at the Impartial Hearing for Case No. 207652 and any appeal: N.A.1 is not entitled to make-up stay-put services because (i) any of the pendency forms in DPC 207652 (or any prior decision) indicated that the DOE shall "pay or provide" after school OT and SLT services; and/or (ii) the parent's use of private providers for ABA, supervision, parent training, OT and/or SLT;

2. DOE agrees to make reasonable efforts to timely pay providers of ABA/ABA supervision and Parent training as part of N.A.1's pendency in Case No. 207652, and any private related service provider, upon receipt of invoices;

3. DOE will make best efforts to arrange for OT and SLT at the Student's home required pursuant to Case No. 207652 within the next 30 days. By agreeing to this, the parent does not waive their argument that the DOE is responsible for implementing the OT and SLT services, provided the parents arrange for the Student to be available at a mutually agreeable time and date;

4. All parties reserve all other defenses and arguments in the hearing in Case No. 207652 and any appeal or subsequent court cases, including but not limited to, all other defenses and arguments regarding the entitlement to and amount of make-up stay-put services and any compensatory services, and DOE expressly reserves all other defenses and arguments about compensatory education except for those set forth in paragraph 1;

5. If Plaintiffs are the prevailing parties in Case No. 207652 or any appeal or court case, and/or engage in settlement of the instant action once the claims concerning the issues in Case No. 207652 are dismissed without prejudice, DOE agrees not to argue that Plaintiffs are not entitled to reasonable fees and costs for the time spent on negotiating the resolution of the emergency pendency issues either as part of a settlement in this action or a resolution of the fees claims for Case No. 207652, although they reserve all defenses with respect to the reasonableness of those fees, including reasonableness of the rates and amount of hours;

6. In consideration for the above, Plaintiffs agree that the unexhausted claims concerning the specific school years that are at issue in Case No. 207652, should be withdrawn without prejudice to renew those claims in the future.

7. This Stipulation and Order shall be admissible only in connection with the above captioned litigation (including to enforce or address issues arising under this Stipulation) and in the underlying Case No. 207652.

8. This Court retains jurisdiction over this Stipulation and any dispute arising under the Stipulation can be presented to the Court for adjudication.

Dated:   May 25, 2023
         New York, New York

| | |
|---|---|
| THE LAW OFFICE OF ELISA HYMAN, P.C.<br>Attorney for Plaintiffs<br>1115 Broadway, 12th Floor<br>New York, NY 10010<br>(646) 572-9064<br>Fax: 646) 572-9065<br>elisahyman@gmail.com | HON. SYLVIA O. HINDS-RADIX<br>CORPORATION COUNSEL OF THE CITY OF NEW YORK<br>Attorney for Defendants<br>100 Church Street<br>New York, NY 10007<br>(212) 356-8768<br>saroubas@law.nyc.gov |
| By: _____*Elisa Hyman*_____<br>      Elisa Hyman, Esq. | By: _____<br>      Shlomit Aroubas, Esq.<br>      Assistant Corporation Counsel |

SO ORDERED:

_____
                 U.S.D.J.