

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/2024
```

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Jaimini A. Vyas**
*Assistant Corporation Counsel*
Phone: 212-356-2079
Email: jvyas@law.nyc.gov

September 30, 2024

**BY ECF**

Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *N.A. et al. v. New York City Dept. of Education et al.*, 23-cv-0108-JHR-KHP

Your Honor:

  I am an Assistant Corporation Counsel in the General Litigation Division of the Office of the Corporation Counsel, assigned to represent Defendants in the above-captioned matter. I respectfully write jointly with Plaintiffs' counsel, Elisa Hyman, Esq., to update the Court on the status of this case pursuant to Your Honor's September 3, 2024 Order (ECF 72).

  The parties continue to engage in settlement negotiations, but we have differing proposals as to how to proceed as set out below.

  **Defendants' Position**

  By way of background, after the Parties submitted a joint status letter to the Court on March 22, 2024, ECF 64, on July 18, 2024, Defendants emailed Plaintiffs a settlement offer that included a flexible bank of services with an end date. In an email response sent that same day, Plaintiffs rejected Defendants' offer and communicated a counter-demand. On July 26, 2024, Defendants rejected Plaintiffs' counterdemand during an hour-long telephone conversation and Plaintiffs' counsel provided a revised demand for rates for each service.

  Thereafter, on August 28, 2024, Defendants emailed to Plaintiffs a clear and unambiguous offer to provide Plaintiffs a compensatory bank of services. Defendants presented their offer to Plaintiffs in an easy-to-read and understand table setting forth each service, the hours awarded for each service, and the hourly rate for each service. Moreover, in an email to Plaintiffs' Counsel on

September 6, 2024, Defendants clearly communicated the end date or lack thereof to use the offered compensatory bank of services. Yet, while Plaintiffs indicated in the Parties' August 30, 2024 joint status letter that they would respond to the Defendants' settlement proposal the following week, Plaintiffs have neither accepted nor rejected Defendants' offer.

In a September 16, 2024 email to Plaintiffs' counsel, Defendants stated that "DOE's offer is clear, but if you or your client have any specific questions about the terms of the offer, we'd be happy to clarify over email." But Plaintiffs' Counsel rejected that invitation in their September 24, 2024 email, writing, "I don't feel comfortable emailing about the terms." Instead, Plaintiffs' Counsel attached a Stipulation of Settlement and insisted on receiving Defendants' edits and comments to it as a condition to further negotiations. While Defendants believe that this approach is inefficient and, separately, that the offer of settlement previously communicated was clear and straightforward, Defendants agreed to respond with edits and comments to Plaintiffs' proposed stipulation and are currently engaged in that exercise with the hope of resolving this case.

Defendants respectfully propose submitting a further status update to the Court in two weeks, by October 15, 2024, wherein the Parties shall either advise the Court that an agreement has been reached or propose a briefing schedule for summary judgment if Defendants' final offer is unacceptable to Plaintiffs. At this time, Defendants respectfully do not agree that a settlement conference with the Court would be fruitful.

**Plaintiffs' Position**

As the Court is aware, the Defendants have assigned several attorneys to this matter and dur to the transition, it appeared during negotiations that there may have been some misunderstandings or change in position about settlement. As per Ms. Simone Nicholson's letter to the Court in March 2024, the DOE had finally approved the rates for the compensatory bank, and the parties needed time to negotiate the terms of the stipulation that would apply to a "flexible bank of services." ECF No.64 ("March Letter").  It was Plaintiffs' understanding from Ms. Nicholson the length of time Plaintiffs wanted to use the services had to be negotiated.  In September 2023, Plaintiffs had sent DOE a proposed stipulation setting forth the terms of a proposed flexible bank, including an end date.

On August 28, 2024, Defendants' new counsel communicated a different offer,  with a different settlement structure that did not involve a flexible bank (as Plaintiffs had been previously negotiating with the DOE as per the March Letter).  Plaintiffs' counsel did not understand this new offer and what the specific terms would be as it diverted from the types of compensatory banks Plaintiffs' counsel had negotiated with the DOE in the past, although we still have an agreement as to rates. After Plaintiffs' counsel was unable to clarify the specific terms of the offer *via* email communications, and given the change in the DOE's position from March, Plaintiffs' counsel marked up the September 2023 stipulation to try to reflect Plaintiffs' understanding of the DOE's new proposed offer and sent it back to the DOE's lawyer on September 24, 2024. Given the number of settlements Plaintiffs have with Defendants we are optimistic that this can be settled, but we need to understand the specific terms before we can provide final sign off.

   Assuming we can resolve the stipulation bank issues, the parties still have to negotiate attorneys' fees, as indicated in the March Letter. As such, Plaintiffs would anticipate that additional time would be needed to reach a settlement agreement in full. As we are very close (or at least Plaintiffs hope we are), we will give Defendants updated fee records shortly. Thus, Plaintiffs propose the parties submit to the Court a further status letter in two weeks to advise whether we have reached a resolution of the above and the parties can move onto fees. If not, Plaintiffs request an attorneys-only settlement conference with the Court to try to resolve any outstanding remaining issues.

   We thank the Court for its consideration of this matter.

                Respectfully submitted,

                /s/ Jaimini Vyas
                Jaimini A. Vyas
                Assistant Corporation Counsel

cc:  *Counsel for Plaintiffs* (By ECF)

---

The Court thanks the parties for this status update. The parties shall file another status letter by **October 15, 2024**, updating the Court on the status of settlement.

SO ORDERED:

*Katharine H. Parker*  10/1/2024
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE